RECEIVED BY MAIL
JUL 30 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY NEWMAN,
   Petitioner.

VS.                                Case No. 4:13 CV01176(SNLJ).
                                    28 U.S.C. §2255(f)(3).

UNITED STATES OF AMERICA,
   Petitioner.

PETITIONER NEWMAN BRINGS THIS 28 U.S.C. § 2255 (f)(3)
MOTION IN LIGHT OF THE SUPREME COURT'S DECISION IN
SESSIONS V. DIMAYA, No. 15-1498, 2018 WL 1800371
(U.S. April 17,2018).

**COMES NOW**, Larry Newman, ("hereinafter Petitioner Newman"), acting pro se in the above styled matter, moving under 28 U.S.C. §2255 states:

"A prisoner... claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States... or that the sentence was in excess of the maximum authorized by law... may move the Court which imposed the sentence to vacate, set aside or correct the Sentence."

"(f) A 1 - year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactive applicable to cases on collateral review, or"

## I. BACKGROUND.

On August 02, 2010, at approximately 6:05 four (4) individuals, each armed with a firearm, forced their way into ATM. They announced a robbery and subsequently took over $6 million which was property of ATM. The money that was taken from ATM was taken under a threat of violence, two (2) employees of ATM who were both physically restrained during the robbery. The robbers also took the firearms from each of the employees and tied them up after forcing them to assist in placing of the U.S. currency into an ATM van.

The robbers decided that they needed to steal an ATM van, because there was too much money to put into the vehicle that they drove to the robbery. They loaded the ATM van with $6 million and drove to a residence at 4032 , St. Louis, Missouri. The van was driven into the garage at the location and emptied. Those involved in the robbery was given some of the stolen money and their plan was that the money would be concealed for a time while things cooled down.

Larry Newman was one of the ATM robbers who, on the day of the robbery, received a share of the stolen money being told that he would be given more at a later date. The day after the robbery, the original plan began to unravel when another one of the robbers, John Jones, was arrested with over 1.4 million dollars in the trunk of his car following a police chase.

Larry Newman pleaded guilty to kidnapping and possession of a firearm in furtherance of a crime of violence. This Court sentenced Newman to 294 months imprisonment.

Section 924(c)(3) defines the term "crime of violence" as either a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another "or a felony" that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. Both parties agree that the first definition, known as the "elements clause," does [not[ apply here because 18 U.S.C. § 1201(a), kidnapping does not require, as an element, the use of force, threatened use, or attempted use of physical force. See U.S.C. § 1201 (Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person... when the person is willfully transported in interstate or foreign commerce...). See also **United State v. _Lamorca_** Consequently, Newman could have been convicted only under the second definition, known as § 924(c)(3)'s "residual clause."

## II. TIMELINES 28 U.S.C. §2255(f)(3).

A § 2255 motion must generally be filed within one year of "the date on which the judgment of conviction becomes final." See § 2255(f)(1). But it may be brought after that time period if the movant asserts a right within one year of "the date which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. § 2255(f)(3).

By its plain language, the statute allows a § 2255 motion to be filed within one year of "the date on which the

(3)

right asserted was initially recognized by the Supreme Court. 28 U.S.C. § 2255 (f)(3). "We give the words of a statute their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import." Wall v. Kholi, 562 U.S. 545, 551, 131 S.Ct. 1278 L.Ed. 2d 252 (2011) (quoting Williams v. Taylor, 529 U.S. 420, 431, 120 S.Ct. 1479 (2001)). To "assert" means "[t]o state positively" or "[t]o invoke or enforce a legal right. "Thus, in order to be timely under § 2255(f)(3), a § 2255 motion need only "invoke" the newly recognized right, regardless of whether or not the facts of record ultimately support movant's claim. United States v. Snyder, 871 F.3d 1122 (10th Cir. 2017); United States v. Winston, 850 F.3d 677, 682 (4th Cir.2017).

Newman claims that his conviction and sentence is no longer valid under Session v. Dimaya, No.15-1498, 2018 WL 1800371 (U.S. April 17,2018). In Dimaya, the Court held "18 U.S.C. §16(b)'s definition of a crime of violence" is unconstitutionally vague in light of its reasoning in Johnson v. United States, 135 S.Ct. 2551 (2015), which invalidated the the similarly worded residuel definition of a "violent felony" in the armed career criminal act (ACCA). Dimaya announced a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions. Dimaya is an extension of Johnson, Which announced a new rule: It broke ground by invalidating a provision of ACCA. See Chaidez v. United States, 133 S.Ct. 1103, 1107, 185 L.Ed. 2d 149 (2013)("[A] case announces a new rule

(4)

if the result was not dictated by precedent existing at the time the defendant's conviction became final. Dimaya rests on the notice requirement of the due process clause of the Fifth Amendment, and thus the new rule that it announces is one of Constitutional law. Moreover, the Dimaya rule was previously unavailable to Newman. Newman was never able to argue effectively that his § 924(c) conviction and his underlying §1201 conviction were not "crimes of violence," Nor that the residual clause was unconstitutionally vague.

The remaining question is whether the Supreme Court's decision in **Dimaya** was "made" retroactive to cases on collateral review. **Tyler v. Cain**, holds that **the retroactivity determination must be made by Supreme Court. 533 U.S. 656,662 (2001).** In **Tyler**, the Court explained that "made" means held and, thus, the requirement is satisfied only if this Court has held that the new rule is retroactively applicable to cases on collateral review. " Id; see also **Simpson v. United States**, 721 F.3d 875,876 (7th Cir.2013) ("The declaration of retroactivity must come from the Justices.") ("if we held in case one that a Particular type of rule applies retroactively and hold in case two that a given rule applies retoactively... In such circumstances, we can be said to have 'made' the given rule retroactive.") Id at 668-69. In **Schiro v. Summerlin**, 542 U.S. 348 (2004), the **Court summarized the various ways in which new rules affect cases.** When the Court announces a new rule, "that rule applies to all criminal cases still pending on direct review." **Id** at 351. For convictions that are already final, however, new rules apply only in limited situations:

(5)

> New substantive rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms... as well as constitutional determination that place particular conduct or persons covered by the statute beyond the state's power to punish...
>
> New rules of procedure... generally do not apply retroactively...
>
> [W]e give retroactive effect to only a small set of "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."
> Id. at 351-52 (quoting Saffel v. Parks, 494 U.S. 484, 495, 110 S.Ct 1257, 108 L.Ed.2d 415 (1990); See also Teague v. Lane 489, U.S. 288, 109 S.Ct. 1060, 103 L.Ed. 2d 334 (1989) (discussing the ground rules for retroactivity for constitutional Procedural rules).

When the new rule is substantive, it is easy (as Justice O'Connor pointed out in Tyler) to demonstrate the required declaration from the Supreme Court confirming that the rule is retroactive: "When the Court holds as a new rule in a subsequent case that a particular species of primary, private individual conduct is beyond the power of the criminal law-making authority to proscribe it necessarily follows that this Court has 'made' that new rule retroactive."
Tyler, 533 U.S. at 669; See also Summerlin, 542 U.S. at 351-52 ( New substantive rules generally apply retroactive... because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him.") (quoting Bousley v. United States, 523, U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed. 2d 828 (1998)). This is entirely consistent with Teague, which recognized that a new substantive rules are categorically retroactive.

Dimaya, announced a new substantive rule. In deciding that "Crime of violence is unconstitutionally vague, the Supreme Court prohibited "a certain category of

(6)

punishment for a class of defendants because of their status." **Saffle**, 494 U.S. at 494. A defendant who was sentenced for a crime labeled as a "crime of violence" necessarily bears a significant risk of facing "a punishment that the law cannot impose upon him." Summerlin, 542 U.S. at 352. There is no escaping the logical conclusion that the Court itself has made Dimaya categorically retroactive to cases on collateral review.

A. PROCEDURAL DEFAULT.

"[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed. 2d 714 (2003). "The procedural default rule is neither a statutory nor a Constitutional requirement, but it is a doctrine adhered to by the Courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. Newman argues that he has demonstrated cause and prejudice sufficient to overcome the procedural default rule.

B. CAUSE.

Cause excusing procedural default is shown if a claim "is so moved that it legal basis [was] not reasonably available to counsel" at the time of the direct appeal. Reed v.Ross, 468 U.S. 1, 16, 104, S.Ct. 2901, 82L.Ed. 2d 1 (1984). As is relevant here,The Supreme Court has stated that, if one of its decisions "explicity over-rule[s]" prior precedent when it articulate "a constitutional principal that had not been previously recognized but which is held to have retroactive application,"

then, prior to that decision, the new Constitutional principle was not reasonably available to Counsel, so a defendant has cause for failing to raise the issue. Id. at 17.
And that is precisely the situation here. This Court, the government or the defendant Newman could have reasonably anticipated Dimaya at the time of Newman's conviction or original §2255 motion. United States v. Redrick, 841 F.3d 478, 480 (D.C. Cir.2016). Therefore, the Dimaya claim was not reasonably available to Newman at the time of his direct appeal, and that is sufficient to establish cause.

C. PREJUDICE.

Newman must also show "actual prejudice resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168, 102, S.Ct. 1584, 71 L.Ed 2d 816(1982). The Supreme Court has refrained from giving precise content to the term 'prejudice,' expressly leaving to future cases further elaboration of the significance of that term," Id. at 168 (quoting Wainwright v. Sykes, 433 U.S. 72, 91, 97 S.Ct. 2497, 53 L.Ed. 2d 594 (1977)), but its language indicates that Newman must show that the error of which he complains is an "error of Constitutional dimensions" that "Worked to his actual and substantial disadvantage," Id at 170.
Newman was sentenced under 18 U.S.C. §§ 924(c), 1201(a). The § 924(c) offense carries a mandatory minimum of ( ) years, which Newman received 84 months for. The § 1201(a) offense attributed 168 months for Newman. Newman claims that these

(8)

statutes do not apply to him and that his sentence is invalid after **Dimaya**. Therefore, in light of <u>Glover v. United States</u>, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2002), ("Any amount of jail time has significance.")
Furhtermore, a sentence that is not authorized by law is certainly an "actual and substantial disadvantage" of Constitutional dimensions." See **Frady**, 456 U.S. at 170.
Therefore, Newman has shown actual prejudice ariving from asserted error. Because he has shown both cause and prejudice, his claim overcomes procedural default.

### III. SECTION 924(c) IS UNCONSTITUTIONALLY VAGUE.

In <u>Sessions v. Dimaya, No. 15-1498, 2018 WL 1800371</u> (U.S. April, 17, 2018), The Supreme Court held that 18 U.S.C. § 16(b)'s definition of a "Crime of Violence" is unconstitutionally vague in light of its reasoning in <u>Johnson v. United States, 135 S.Ct. 2551 (2015)</u>, which invalidated the similarly worded residual definition of a "violent felony" in the Armed Career Criminal Act (ACCA). 2018 WL 1800371, at #4; See also <u>Golicov v. Lynch</u>, 837 F.3d 1065, 1072 (10th Cir. 2016) (ruling that § 16(b) "must be deemed unconstitutionally vague in light of Johnson"). The The **Dimaya** Court explained that the same two features rendered the clauses unconstitutionally vague: they '"require a court to picture the kind of conduct that the crime involves in the ordinary case," and to judge whether that abstraction presents some not - well - specified - yet - sufficiently - large degree of risk." Dimaya, 2018 WL 1800371, at *9 (quoting Johnson, 135 S,Ct. at 2557). The Court also rejected several reasons for distinguishing §16 (b) from the ACCA, namely that § 16(b)

requires a risk that force be used in the course of committing the offense, focuses on the use of physical force rather then physical injury, does not contain a confusing list of enumerated crimes, and does not share the ACCA'S history of interpretive failures. Id. at 12-16.

Newman argues that § 924(c)(3)(B); definition of a "crime of violence," which is identical to 16(b), is likewise unconstitutionally vague. Courts have held and noted the simarlity between the two provisions and consequently held that "cases interpreting [§16(b)] inform our analysis" when interpreting § 924 (c)(3)(B). United States v. Serafin, 562 F.3d 1105, 1108 e n.4 (4th Cir.2009). Other circuits interpret § 16(b) and § 924(c)(3)(B) similarly, as well. See In reHubbard, 825 F.3d 225, 230 n.3 (4th cir. 2016) ("[T]he language of §16(b) is identical to that in §924 (c)(3)(B), The Seventh Circuit ruled that § 16(b) was unconstitutionally vague in United States v. Vivas-Cejc, 808 F.3d 719 (7th Cir. 2015), and then addressed the constitutionality of § 924 (c)(3)(B) in United States v. Cardena, 842 F.3d 959 (7th Cir. 2016). In Cardena, the Seventh Circuit ruled that § 924 (c)(3)'s residual clause was "the same residual clause contained in [§16(b)]" and accordingly held that "§ 924 (c)(3)((B) is unconstitutionally vague." Cardena, 842 F.3d at 996.

Other circuits have upheld §924 (c)(3)(B)'s constitutionally, but they were not faced with binding authority holding § 16(b) unconstitutional. See United States v. Garcia, 857 F.3d 946, 955 (D.C. Cir.2017); Uvalles, 861 F.3d at 1265 (11th Cir.); United States v. Prickett, 839 F.3d 697, 699 (8th Cir. 2016); United States v. Hill, 832 F.3d 135, 150 (2nd Cir.

(10)

2016); United States v. Taylor, 814 F.3d 340, 379 (6th cir.2016). For the most part, the grounds for those decisions apply equally to § 16(b) and mirror the distinctions between the ACCA'S residual clause and § 16(b) that was rejected in Dimaya.

Additionally, ["whether] a crime fits the §924(c) definition of a 'crime of violence' is a question of law, United States v. Morgan, 748 F.3d 1024, 1034 (10th cir. 2014). Employing the categorical approach to 924(c)(3)(B), means determining whether an offense is a crime of violence "without inquiring into the specific conduct of this particular offender," Serafin, 562 F.3d at 1107-08 (quoting United States v. West, 550 F.3d 952, 957 (10th cir. 2008)). Consequently, § 924(c)(3)(B), like 16(b), "requires a court to ask whether 'the ordinary case' of an offense pose the requisite risk. Dimaya, 2018 WL 1800371, at *5 (quoting James v. United States, 550 U.S. 192, 208 (2007), overruled on the grounds by Johnson, 135 S.Ct. 2551). Regardless of whether a jury must find the defendant guilty of §924(c) beyond a resonable doubt, then, the ordinarily case requirement and an ill - defined risk threshold "combines in the same constitutionally problematic way" as § 16(b) and necessarily 'desolves into graswork and intuition, invites arbitrary enforcement, and fails to provide fair notice." Id. at * 7, *16 (quoting Johnson, 135 S.Ct. at 2559). Ultimately, § 924 (c)(3)(B) possesses the same features as the ACCA's residual clause and § 16(b) that combine to produce 'more unpredictability and arbitrariness than the due process clause tolerates," Id. at 16 (quoting Johnson, 135 S.Ct. at 2558), and Dimaya's reasoning for invalidating § 16(b) applies equally to § 924(c)(3)(B). Section 924(c)(3)(B) is likewise unconstitutionally vague.

## IV. FORCE CLAUSE

There is no question as to the constitutionality of the clause; Newman argues that it does not apply to kidnapping. The Force Clause defines a crime of violence as a felony that 'has an element the use, attempt use, or threatened use of physical force against the person or property of another. 18 U.S.C. § 924(c)(3)(A). In determining whether a crime fits this definition a court may only look at the elements of the offense, [not] the underlying facts of conviction. United States v. Yang. 799 F.3d 750, 752 (7th cir.2015) (interpreting the functionally identical force clause of the armed career criminal act). Thus, in evaluating whether kidnapping under § 1201(a) is a crime of violence under § 924(c)(3)(A), the kidnapping statute must have as an element the use, attempted use, or threatened use of physical force; it is irrelevant whether a defendant actually used force in the commission of the crime. Id.

Section 1201 (a) punishment for kidnapping:

> [W]hoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person... when the person... when the person is willfully transported in interstate or foreign commerce.

18 U.S.C. § 1201(a).

Various circuits have held that false imprisonment and kidnapping by deception... do not have physical force as an element, (citing "United States v. Zamorra, 222 F.3d 756, 764-65 (10th cir. 2000); United States v.Williams, 110 F.3d 50, 52-53 (9th cir. 1997); United States v. Kaplansky, 42 F.3d 320, 324 (6th cir. 1994) (enbanc))). See Delgado - Hernandez v. Holder, 697 F.3d 1125,1130 (9th cir. 2012) ("The federal kidnapping statute has no force

(12)

requirement...")

Therefore, kidnapping is not a crime of violence under the force clause.

## CONCLUSION

Petitioner Newman respectfully asks this Court to vacate his conviction and remand back to this Court for resentencing.

Respectfully submitted,

*/s/ Larry R. Newman*

## CERTIFICATE OF SERVICE

I, Larry Newman, do hereby state under the penalty of perjury under 28 U.S.C. § 1746 that I have this same day served this Court with a true copy of this 28 U.S.C. § 2255, in addition to the United States Attorney, by mailing such in the U.S. Postal service with first class prepaid postage affixed and address as follow:

> Office of the Clerk
> United States District Court
> Southern Division
> 555 Independence Street.
> Cape Girardeau, Mo. 63703