```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION


UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
   VS.                          ) No. 4:11-CR-11(SNLJ)
                                )
LARRY R. NEWMAN,                )
                                )
            Defendant.          )
_____)


                    SENTENCING HEARING
        BEFORE THE HONORABLE STEPHEN N. LIMBAUGH, JR.
                    NOVEMBER 2, 2011
                    ST. LOUIS, MISSOURI

FOR THE PLAINTIFF:

    THOMAS J. MEHAN
    OFFICE OF U.S. ATTORNEY
    111 South Tenth Street, Suite 2000
    St. Louis, MO  63102
    (314) 539-2200

FOR THE DEFENDANT:

    PETER M. COHEN
    2734 Lafayette
    St. Louis, MO  63104
    (314) 772-9494

    Proceedings recorded by mechanical stenography;
transcript produced by computer.
_____

           DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
                Federal Official Court Reporter
             111 South Tenth Street, Third Floor
                    St. Louis, MO  63102
                       (314) 244-7449
```

1     (PROCEEDINGS BEGAN AT 10:57 AM.)

2     THE COURT:  Ready to proceed?

3     MR. COHEN:  Yes, sir, Your Honor.

4     MR. MEHAN:  Yes, sir.

5     THE COURT:  Mr. Newman, come on up.

6     This case is *United States of America versus Larry Newman*. The Case No. is 11-CR-11.  The Government is present by Assistant United States Attorney Thomas Mehan.  Defendant is present in person and by counsel, Peter Cohen.

10    Mr. Newman, this matter is set today for sentencing, you having pled guilty before me several weeks ago.  Now I've received the Presentence Report from the Probation Office. Have you also received a copy of the report, have you read it, and have you gone over it in detail with your lawyer?

15    THE DEFENDANT:  Yes, sir.

16    THE COURT:  All right.  Now I see that your lawyer has filed some objections to the Presentence Report, so let's deal with those now.  They deal primarily with the assessment points based on those traffic offenses that you had on the record.  I prefer to deal with that when we go over the *Sentencing Guidelines* calculation.  So let's wait on that.

22    You also make an objection to the determination of those criminal history points because the Defendant claims that he did not have a lawyer, was not advised of his right to have a lawyer at the time that those charges were processed in

1   whatever municipalities or courts you pled guilty in.
2           MR. COHEN:  It was all St. Louis City, Your Honor.
3           THE COURT:  Yeah.  I think -- Let's also deal with
4   those particular objections when we go to the *Sentencing*
5   *Guidelines*.
6           MR. COHEN:  That's fine.
7           THE COURT:  Except as to the *Sentencing Guidelines*
8   and to those particular driving offenses, are there any
9   objections by the Defendant to the factual statements that are
10  set out in the Presentence Report?
11          MR. COHEN:  No, there's not, Your Honor.
12          THE COURT:  From the Government?
13          MR. MEHAN:  None, Judge.
14          THE COURT:  All right.  In that case the Court will
15  adopt as its findings of fact the factual statements set out
16  in the Presentence Report with the exception of the
17  determination of criminal history and the prior offenses for
18  those driving offenses.  So let's deal with those at this
19  time.
20          The Court is inclined to rule that assuming that
21  those traffic offenses were valid in the first place, because
22  of the Defendant's claim that he didn't have -- wasn't advised
23  of his right to counsel, even then, it's the Court's position
24  that his criminal history is overstated --
25          MR. COHEN:  Right.

1      THE COURT: -- because he has nothing but points that
2 occur on his criminal history because of those driving-related
3 offenses. And so I'm inclined to make that finding of fact.
4      Is there any objection by the Government?
5      MR. MEHAN: None, Judge. I filed a response to
6 Mr. Cohen's request kind of suggesting that it's a bit
7 oppressive to go up 100 months for Driving While Suspended
8 when you're dealing with the underlining crime of violence on
9 that.
10     THE COURT: Okay. I didn't get that.
11     MR. MEHAN: Yeah. It was filed on October 26th,
12 Judge. Here's a copy.
13     (Document handed over to the Court.)
14     THE COURT: All right. So the Government agrees. So
15 I'll make that finding that the criminal history is
16 overstated.
17     So where does that leave us, counsel?
18     We're going to need to recalculate the *Sentencing*
19 *Guidelines*.
20     MR. MEHAN: That is correct, Judge, and I don't know.
21     Amy, did you entertain that at all?
22     I'm asking probation, Judge, if they had presented
23 anything.
24     THE COURT: Well, I do see in the Presentence Report
25 that the ---

| | |
|---|---|
| 1 | MR. MEHAN: Judge, I believe it would still be a |
| 2 | criminal history -- I'm sorry -- a Base Offense Level of 37 |
| 3 | with a criminal history of 1 which would be a range of 210 to |
| 4 | 262 months, if you were down to --- |
| 5 | THE COURT: That's right. And that's what I think |
| 6 | the Defendant was arguing for, too. |
| 7 | MR. COHEN: Yes, Your Honor. |
| 8 | THE COURT: I got that. All right. Well, pertaining |
| 9 | to the *Sentencing Guidelines* then, the Court finds that the |
| 10 | Total Offense Level is still 37 and the Criminal History |
| 11 | Category is only 1. And so the statute provides on Count I of |
| 12 | up to 20 years; on Count II, at least seven years consecutive |
| 13 | to all other sentences; and Count III, to life imprisonment, |
| 14 | but the *Guidelines* provide then from 210 months to -- What was |
| 15 | the high level again, counsel? |
| 16 | MR. COHEN: 262. |
| 17 | MR. MEHAN: Yeah, 262. |
| 18 | THE COURT: 262. That's agreed on. Probation is not |
| 19 | authorized under the *Guidelines*. The period of supervised |
| 20 | release would stay the same, I believe; Count I, two to three |
| 21 | years. |
| 22 | MR. MEHAN: Yes. |
| 23 | THE COURT: Count II, three to five years. |
| 24 | All right. Any objections to the *Guidelines* |
| 25 | calculations as stated then by the Government? |

1     MR. MEHAN: No, sir.

2     THE COURT: By Defendant?

3     MR. COHEN: No, sir, Your Honor.

4     THE COURT: All right. What's the -- In that case, the Court will adopt as its additional findings of fact the *Guidelines* calculations as stated.

7     So what's the Government's recommendation?

8     MR. MEHAN: Judge, the Government would recommend a sentence on top of the 210 at the bottom. He has to have a consecutive 84-month sentence due to the 924(c) charge. That would bring him to the bottom of 294 months to 366 months, I believe. I'm sorry; 294 to 346. I think that at the low end of the guideline range would adequately address the matter.

14    THE COURT: So the recommendation is 294?

15    MR. MEHAN: Yes, sir.

16    THE COURT: All right. Mr. Cohen?

17    MR. COHEN: Judge, I would, you know -- I obviously -- We heard what the Government's recommendation is. I would just point out, Your Honor, also that we submitted a sentencing memorandum on behalf of Mr. Newman.

21    THE COURT: Yes. I received that, and I read that, and I'm considering that. And also I received two letters written on behalf of the Defendant. I have read and reviewed those, too.

25    I've also got a separate motion for a downward

1  departure, but I think that's already been dealt with by the

2  adjustment to the *Sentencing Guidelines* calculations.  Is that

3  right?

4          MR. COHEN:  That's correct.  That would be moot at

5  this point, Your Honor.

6          THE COURT:  Okay.  All right.  So what further then

7  do you wish to say on behalf of your client then?

8          MR. COHEN:  Judge, I would -- Again, I did submit the

9  memorandum, and it contained a lot of confidential information

10 that I wouldn't want to get into in open court.  I'm sure you

11 have reviewed it.

12         THE COURT:  Yes, I have.

13         MR. COHEN:  And I would point out:  Mr. Newman has

14 several family members here in support of him, so I think he

15 does have a lot of support.  I think he's made some changes in

16 his thought process, and he's a young man obviously facing a

17 lot of time.  I think he has got his head set in the right

18 direction.  I know he's going to do a long sentence.  There's

19 no, you know -- For a young man, he's facing more time than he

20 is old, and he, obviously, you know, committed a wrong deed in

21 this case.  Certainly no question about it, but he does hope

22 to be able to see his, you know, be a father to his

23 two-year-old at some point.  He knows it's going to be a long

24 time to be reunited with his family and changing his way of

25 living, so we ask you to consider that.  Thank you.

1  THE COURT:  Mr. Newman, do you want to make a
2  statement then?
3  THE DEFENDANT:  Yeah.  I want to, yes, sir.  I want
4  to apologize to the people I did the things to, to my momma
5  who is raising my daughter.  I ask the Court to have mercy on
6  me.
7  THE COURT:  Is there any legal cause or reason why
8  sentence should not now be imposed by the Government?
9  MR. MEHAN:  No, sir.
10  THE COURT:  By Defendant?
11  MR. COHEN:  No, sir, Your Honor.
12  THE COURT:  Mr. Newman, there's several things I want
13  to address with you.  First is that two of the defendants who
14  were involved to the same extent as you were have already
15  received sentences that were substantially higher than the one
16  that you're facing now, the 294 to 346.  I think one defendant
17  received, Mr. Jones, 384 months.  Mr. Kimble received 319
18  months.  Given your age, you're 19 at the time, and your
19  situation and your family, I'm willing to give you some
20  lenient treatment and sentence you to the low end of the
21  guideline range.
22  Pursuant to the Sentencing Reform Act of 1984 and the
23  provisions of Title 18, United States Code, 3553(a) and all
24  the factors thereunder, also in view of the sentencing
25  objectives of just punishment, general deterrence and

1  incapacitation, it's the judgment of the Court that you,

2  Larry Newman is hereby committed to the custody of the Bureau

3  of Prisons to be imprisoned for a term of 294 months.

4      This term consists of a term of 294 months on each of

5  Counts I and III to run concurrently and a consecutive term --

6  I'm sorry.  That consists of a term of 210 months on each of

7  Counts I to III to run concurrently, and a consecutive term of

8  84 months on Count II.

9      I'll stop now and mention, too, that this is a hugely

10 penal sentence in your case, but you knew what you were doing

11 at the time.  You knew that the crimes that you were

12 committing were extreme, to say the least.  And I dare say

13 that you knew that you were facing this kind of punishment if

14 you got caught.  How in the world at 19 years old you thought

15 that you wouldn't get caught after doing something like this,

16 I don't know.

17     In any event, while you're in the custody of the

18 Bureau of Prisons, I recommend that you be evaluated for

19 participation in the Residential Drug Abuse Program, mental

20 health treatment and occupational/educational programs, if

21 that's consistent with BOP policies.

22     When you're released from imprisonment, I order that

23 you shall be placed on supervised release for a term of five

24 years.  This term consists of a term of three years on Count I

25 and five years on each of Counts II and III to run

1  concurrently.

2  Within 72 hours of your release from the custody of
3  the BOP, you shall report in person to the Probation Office in
4  the district to which you are released.

5  It's further ordered that pursuant to Title 18,
6  United States Code, Section 3663(a), for each of Counts I and
7  II, you shall make restitution in the total amount of
8  $6,617,098.47 as follows:

9  To ATM Solutions, Inc., Attention: Paul Scott, Re:
10  ASISTL080210, 551 Northland Boulevard, Cincinnati, Ohio 45240,
11  in the amount of $353,429.51;

12  Cincinnati Insurance Companies, Attention: Kelly
13  Sacks, Re: Claim No. 1374855, P.O. Box 145496, Cincinnati,
14  Ohio 45250, in the amount of $9,217.15;

15  And then to Aon, Limited; Re: Policy No.
16  S09CT2005200, Claim No. SCL00909, International Security
17  Services, Inc., P.O. Box 270608, St. Paul, Minnesota 55127, in
18  the amount of $6,254,451.81, for a total of, as I mentioned,
19  of $6,617,098.47.

20  Mr. Newman, I don't know how you're ever going to pay
21  back anything close to what the total restitution figure is,
22  but, nonetheless, I'm required under the law to make this
23  detailed Order of Restitution, so we're just going to have to
24  go through it.

25  A portion of the obligation in the amount of

1   $3,676,211.47 is to be joint and several with John Wesley
2   Jones in Docket No. 4:10-CR-434(CEJ); with Ryechine Money in
3   Docket No. 4:10-CR-678(CEJ); with Myron Kimble in Docket No.
4   4:10-CR-630(CDP); with James Wright in Docket No.
5   4:10-CR-634(CEJ); with LaTonya Wright in Docket No.
6   4:10-CR-517(JCH); and Hussein Odeh in Docket No.
7   4:11-CR-31(HEA).  By that, I mean that no further payments
8   shall be required after the sum of the amounts actually paid
9   by all defendants has fully covered the compensable injuries.
10  Should future additional defendants be determined to be
11  responsible for the same losses, this obligation shall be
12  joint and several with them as well, meaning that no further
13  payments shall be required after the sum of the amounts
14  actually paid by all defendants has fully covered the
15  compensable injuries.
16          The remaining portion of the obligation in the amount
17  of $2,940,887.06 is not to be joint and several with the other
18  defendants mentioned above but shall be owed by this Defendant
19  individually.  Any payment of restitution pursuant to this
20  Defendant's restitution order, including through restoration
21  of forfeited assets, shall be credited first to this
22  individual obligation.  Any payment in excess of this
23  individual obligation shall be applied jointly and severally
24  as set forth above but only after the individual obligation is
25  fully satisfied.  Payments of restitution shall be made to the

1  Clerk of Court for transfer to the victims.

2         All criminal monetary penalties are due in full
3  immediately.  You shall pay all criminal monetary penalties
4  through the Clerk of Court.  If you cannot pay in full
5  immediately, then you shall make payments under the following
6  minimum payment schedule.

7         During incarceration, it is recommended that you pay
8  criminal monetary penalties through an installment plan in
9  accordance with the Bureau of Prisons' Inmate Financial
10 Responsibility Program at the rate of 50 percent of the funds
11 available to you.

12        If you owe any criminal monetary penalties when
13 released from incarceration, then you shall make payments with
14 monthly installments of at least $100 or no less than ten
15 percent of your gross earnings, whichever is greater, with
16 payments to commence no later than 30 days after you're
17 released from imprisonment.

18        Until all criminal monetary penalties are paid in
19 full, you shall notify the Court and this district's United
20 States Attorney's Office, Financial Litigation Unit, of any
21 material changes in your economic circumstances that might
22 affect your ability to pay criminal monetary penalties.

23        You shall notify this district's United States
24 Attorney's Office, Financial Litigation Unit, of any change of
25 mailing or residence address that occurs while any portion of

1   the criminal monetary penalties remains unpaid.

2          It is recommended that you participate in the
3   Financial Responsibility Program while incarcerated if that is
4   consistent with the Bureau of Prisons' policies.

5          While you're on supervised release, you shall comply
6   with the standard conditions that have been adopted by this
7   Court and the following additional conditions.

8          (1) You shall refrain from any unlawful use of a
9   controlled substance and submit to a drug test within 15 days
10  of commencement of supervision and at least two periodic drug
11  tests thereafter for use of a controlled substance.

12         (2) You shall participate in a substance abuse
13  treatment program approved by the Probation Office which may
14  include substance abuse testing, counseling, residential
15  re-entry center placement, residential or inpatient treatment.
16  You shall pay for the costs associated with substance abuse
17  services based on a co-payment fee established by the
18  Probation Office.

19         Next, you shall submit your person, residence, office
20  or vehicle to a search conducted by the Probation Office based
21  upon reasonable suspicion of contraband or evidence of a
22  violation of a condition of release.  And you shall warn any
23  other residents that the premises may be subject to searches
24  pursuant to this condition.

25         Next, you shall participate in a mental health

1  program approved by the Probation Office.  You shall pay for
2  the costs associated with the services provided based on a
3  co-payment fee established by the Probation Office.
4       Next, you shall participate in educational services
5  programs as directed by the Probation Office which may include
6  GED preparation and other classes designed to improve your
7  proficiency in skills such as reading and writing.  And,
8  again, you shall pay for the costs associated with these
9  services based on a co-payment fee established by the
10 Probation Office.
11      Next, you shall participate in a vocational services
12 program which may include job readiness training and skills
13 development training as directed by the Probation Office.
14 And, again, you shall pay for the costs associated with the
15 services based on a co-payment fee.
16      Next, you shall participate in a cognitive behavioral
17 treatment program as directed by the Probation Office.  And,
18 again, you shall pay for the costs associated with the
19 services based on a co-payment fee.
20      Next, you shall provide the Probation Office and the
21 Financial Litigation Unit of the U.S. Attorney's Office access
22 to any requested financial information, and you are advised
23 that the Probation Office may share financial information with
24 the Financial Litigation Unit.
25      Next, you shall be prohibited from incurring new

1  credit charges or opening additional lines of credit without
2  the approval of the Probation Office so long as there's a
3  balance on the Court-imposed financial obligation.
4       Next, you shall apply all monies received from income
5  tax refunds, lottery winnings, judgments and/or other
6  anticipated or unexpected financial gains to the outstanding
7  Court-ordered financial obligation.  And, again, you shall
8  immediately notify the Probation Officer of the receipt of any
9  of those indicated monies.
10       I order that you pay restitution as previously
11  ordered.
12       The Court finds that you do not have the ability to
13  pay a fine.  But it is further ordered that you shall pay to
14  the United States a special assessment of $100 on each of
15  Counts I through III for a total of $300 that shall be due
16  immediately.
17       Mr. Newman, I have to advise you next that you have
18  the right to appeal from this sentence within 14 days from
19  this date.  Failure to appeal within the 14-day period shall
20  be a waiver of your right to appeal.
21       You're also advised that you're entitled to
22  assistance of counsel in taking an appeal.  If you're unable
23  to afford a lawyer, one will be provided for you.  If you so
24  request, the Clerk of Court will prepare and file a Notice of
25  Appeal on your behalf.  You understand you have that right to

1  appeal?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  That said, as part of your Plea
4  Agreement, you gave up most every ground that you might have
5  had for bringing an appeal.  You remember that, too, don't
6  you?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Do you have any other questions then?

9          THE DEFENDANT:  No, sir.

10         THE COURT:  Is there anything further from the
11 Government?

12         MR. MEHAN:  Just one thing, Judge.  On August 8th of
13 this year, in Docket No. 111 you entered a Preliminary Order
14 of Forfeiture in the original J & C.  It should reflect under
15 21 USC Section 853(e) this Defendant had forfeited all of his
16 right, title and interest in the property in that Preliminary
17 Order, Docket No. 111, and that should be included in the J &
18 C, please.

19         THE COURT:  And I will make that Order, Preliminary
20 Order of Forfeiture, and make that permanent at this time;
21 that the following property is hereby forfeited to the
22 United States:  3 -- I'm sorry.  $3,232.01 in U.S. currency;
23 $258,580 in U.S. currency; $1,446,075 in U.S. currency; $5,900
24 in U.S. currency; $606,820 in U.S. currency; $540 in U.S.
25 currency; $300 in U.S. currency; $613,500 in U.S. currency;

1  $5,540 in U.S. currency; $400.05 in U.S. currency; 2000 Hummer
2  H2SU VIN 5GRGN22UX5H107379.  Any and all interest that you
3  might have in those properties is hereby forfeited to the
4  United States.
5          MR. MEHAN:  Thank you, sir.
6          THE COURT:  Is there anything further from the
7  Defendant?
8          MR. COHEN:  Not from the Defendant, Your Honor.
9          THE COURT:  All right.  Mr. Newman, you're going to
10 be in prison about 20 years or so.  Under good behavior, I
11 hope you'll take that time to get some more education.  You
12 got to get your GED.  Get some vocational training, too.  You
13 have some kind of drug problem.  Get that taken care of.  You
14 really need to spend that time bettering yourself so when
15 you're finally released, you will be a useful, productive
16 citizen.  It's an awful long time.  With that said, you knew
17 the consequences when you were involved in the crimes of this
18 sort.  It's a sad day for everyone here, and I regret that
19 here at your young age you get 294 months' imprisonment.
20 Justice is served in that way.
21         All right.  Good luck to you, sir.
22         THE DEFENDANT:  All right.  Thanks.
23         MR. COHEN:  Thank you, Your Honor.
24         MR. MEHAN:  The Government dismisses Count IV
25 pursuant to the Agreement, Judge.

```
 1            THE COURT:  Count IV is dismissed.
 2            MR. MEHAN:  Thank you.
 3            MR. COHEN:  Thank you, Judge.
 4            (Hearing adjourned at 11:20 AM.)
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE OF OFFICIAL REPORTER

     I, Deborah A. Kriegshauser, Federal Official Realtime Court Reporter, in and for the United States District Court for the Eastern District of Missouri, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically-reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

     Dated this 16th day of December, 2019.

/s/ Deborah A. Kriegshauser
_____
DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
FEDERAL OFFICIAL COURT REPORTER